37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jason K. MITHRANDIR, Plaintiff-Appellant,
v.
Robert BROWN, Jr.; John Jabe; Ray Toombs; Richard Boody,
Defendants-Appellees.
 No. 94-1477.
 United States Court of Appeals, Sixth Circuit.
 Sept. 29, 1994.
 
 1
 Before: GUY and BATCHELDER, Circuit Judges, and McCALLA, District Judge.*
 
 ORDER
 
 2
 Jason K. Mithrandir, a pro se Michigan prisoner, appeals a district court order and judgment granting summary judgment to the defendants in his amended civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This case, originally filed in September 1988, has a long and complex procedural history. Briefly, Mithrandir (also known in the prison system as David Marsh), sought monetary and equitable relief for constitutional violations allegedly committed by the director of the Michigan Department of Corrections (MDOC) (Brown), the warden of the State Prison of Southern Michigan (SPSM) (Jabe), and the warden of Ionia Correctional Facility (ICF) (Toombs). He alleged that his legal materials and writing supplies were wrongfully confiscated pursuant to an order issued by Brown to remove personal property from the administrative segregation cell block where he was temporarily housed following two assaults on prison staff in that cell block. Accordingly, Mithrandir claimed violations of his right to due process in the confiscation of his property and his right of access to the courts because of a missed appeals period.
 
 
 4
 After his first motion for summary judgment was denied, Mithrandir sought leave to amend his complaint to add an additional defendant and two additional claims. After some confusion and additional motions, recommendations for dismissal, and orders, the magistrate judge granted Mithrandir's motion to amend his complaint insofar as it sought to add Corrections Officer Boody as a defendant. However, the order denied the motion to amend insofar as it sought to add additional claims. Mithrandir filed a second amended complaint on December 14, 1992, naming Brown, Jabe, Toombs, and Boody. He again presented claims of deprivation of property without due process and deprivation of access to the Michigan Supreme Court, and sought $120,000 in compensatory and punitive damages. Mithrandir also filed his third motion for summary judgment which was opposed by the defendants' third motion for summary judgment.
 
 
 5
 On January 26, 1994, the magistrate judge issued a final report, which recommended that the plaintiff's motion for summary judgment be denied, the defendants' motion for summary judgment be granted, and the complaint be dismissed. The magistrate judge concluded that Mithrandir's procedural due process claim must fail because he had no constitutionally protected interest in keeping his property in his cell, and any state-created interest was overridden by Brown's directive in the interest of restoring control to the cell block. The magistrate judge further concluded that Mithrandir's access to the court claim must fail because the state satisfied its affirmative duty to provide access to the courts, and Mithrandir had presented no evidence that any of the named defendants personally and intentionally acted to deprive him of access to the courts. Mithrandir filed detailed objections, which the district court addressed in its de novo review. The district court overruled the objections, adopted the magistrate judge's report, and dismissed the case in an order and judgment filed on April 15, 1994.
 
 
 6
 On appeal, Mithrandir argues that: (1) the district court improperly weighed evidence and drew all inferences against him; (2) no emergency existed in Cell Block 5 which would justify the confiscation of property without notice or hearing; (3) the summary confiscation of property was not authorized by MDOC policy; (4) the district court did not consider his "full faith and credit" argument, addressing only the issue of supervisory liability; and (5) his second amended complaint adequately raised a substantive due process claim by alleging that Brown's action was vindictive, retaliatory, overbroad, and exaggerated.
 
 
 7
 Upon review, we affirm the district court's order and judgment because an emergency did exist in Cell Block 5 which justified Brown's confiscation order, and because Mithrandir has failed to show personal involvement by the named defendants in the unauthorized confiscation of his legal and writing materials which resulted in his inability to prepare a timely appeal to the Michigan Supreme Court. This court's review of a grant of summary judgment is de novo; it uses the same test as used by the district court. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); see LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 8
 Mithrandir's issues on appeal are without merit. The district court did not draw any material inferences against Mithrandir, the nonmoving party. The court's analysis of Mithrandir's access to the courts issue is valid even if it is assumed that Mithrandir was in fact denied access to his writing materials during the relevant time period.
 
 
 9
 In Mithrandir's second and third issues on appeal, he contends that no emergency existed on Cell Block 5 so as to justify summary confiscation of the inmates' personal property contrary to MDOC policy. When evaluating the constitutionality of prison regulations or the conduct of prison officials, the courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979).
 
 
 10
 There can be no question but that an emergency situation existed in Cell Block 5 which required special measures to control. Two prison guards had been assaulted in less than one month; one was killed. Prison officials had tried the less stringent measure of a temporary lockdown, but the day after the lockdown was lifted, the second guard was stabbed with a part from an inmate's typewriter. Under such circumstances, Brown was justified in ordering the temporary confiscation of inmate personal property, including typewriters. Contrary to Mithrandir's assertion, the directive was not overly broad and affected all Cell Block 5 prisoners equally. Moreover, given the emergency situation, Brown, as head of MDOC, had the authority to override the MDOC policy allowing prisoners to keep personal property in their cells. See Walker v. Mintzes, 771 F.2d 920, 933-34 (6th Cir.1985).
 
 
 11
 Mithrandir's reliance on the full faith and credit doctrine to establish his entitlement to relief regarding his due process claim is misplaced. It is undisputed that when prison officials explained the situation at SPSM to Judge Giddings, he allowed them to give Mithrandir the choice between staying at SPSM without all of his property, or transferring to ICF where it could be returned to him. Mithrandir chose transfer. There was no constitutional violation.
 
 
 12
 The district court did not err in finding that Mithrandir did not allege a substantive due process violation. The courts have generally recognized two types of substantive due process claims. The first category of claims typically concern alleged violations of specific rights guaranteed by the Bill of Rights, or claims asserting deprivations of life, liberty, or property by state legislative or administrative actions that lack any rational basis. See Feliciano v. City of Cleveland, 988 F.2d 649, 657-58 (6th Cir.), cert. denied, 114 S.Ct. 90 (1993). Mithrandir's claim does not fall within this category because, as discussed above, Brown's directive was a measured response to an emergency situation which involved the safety of prison staff. The directive had a rational basis because a piece of personal property was used in at least one of the assaults.
 
 
 13
 The other category of substantive due process includes official acts which may not take place no matter what procedural protections accompany them, those claims which would "shock the conscience of the Court." See Parratt v. Taylor, 451 U.S. 527, 536 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986); McMaster v. Cabinet for Human Resources, 824 F.2d 518, 522 (6th Cir.1987). The temporary confiscation of certain categories of personal property from inmates housed in Cell Block 5 in order to secure that cell block in light of two assaults on staff certainly does not "shock the conscience." Mithrandir's substantive due process argument is meritless.
 
 
 14
 Finally, the magistrate judge and district court analyzed Mithrandir's claims alleging violations of due process and right of access to the courts and correctly determined that Mithrandir failed to state facts which would show personal involvement by the named defendants in the confiscation of his legal materials and resultant denial of access to the Michigan Supreme Court.
 
 
 15
 Accordingly, the district court's order and judgment, entered on April 19, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Jon P. McCalla, U.S. District Judge for the Western District of Tennessee, sitting by designation